UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
TERRENCE C. HACK,               )
     Plaintiff                  )
                                )
          v.                    )   C.A. No. 16-10051-MLW
                                )
AXA  EQUITABLE  LIFE  INS.  CO. )
and    DISABILITY   MANAGEMENT  )
SERVICES, INC.,                 )
     Defendant.                 )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                    September 28, 2016

I.   SUMMARY

     Plaintiff  Dr.  Terrence  C.  Hack  has  sued  defendants  Axa
Equitable  Life  Ins.  Co.  ("Axa")  and  Disability  Management
Services, Inc. ("DMSI"), alleging that they improperly refused to
classify him as having a "Total Disability" under two disability
insurance policies that he purchased from Axa.  He asserts claims
against Axa for breach of contract and breach of the covenant of
good  faith  and  fair  dealing.   Hack  also  alleges  that  DMSI
intentionally  interfered  with  his  contractual  relations.   He
asserts claims against both defendants for negligence, declaratory
judgment, and violation of Massachusetts General Laws Chapters 93A
and 176D.

     Hack  filed  this  case  in  the  Superior  Court  for  Middlesex
County of the Commonwealth of Massachusetts.  Defendants removed
it to this court on the basis of diversity jurisdiction.  See 28
U.S.C. §§1441, 1332.

Hack has filed a motion to remand this case to the Massachusetts state court. He argues that this case was improperly removed because the parties are not diverse. He argues that DMSI is a citizen of Massachusetts because its principal place of business is in the state. Defendants oppose the motion to remand. They stated in the Notice of Removal and argue in their Opposition to Hack's motion that DMSI was improperly joined as a defendant. In particular, they assert that there is no reasonable possibility that Hack has stated a claim against DMSI on which relief can be granted.

For the reasons explained in this Memorandum, the Motion to Remand is being allowed.

II.   APPLICABLE STANDARD

"When plaintiffs file a civil action in state court over which the federal courts would have had original jurisdiction based on diversity of citizenship, the defendants may remove the action to federal court, 28 U.S.C. §1441(a), provided that no defendant 'is a citizen of the State in which such action is brought.'" Universal Truck & Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 107-08 (1st Cir. 2014) (quoting 28 U.S.C. §1441(b)).

"This right of removal cannot be defeated by a fraudulent joinder of a non-diverse defendant 'having no real connection with the controversy.'" Mills v. Allegiance Healthcare Corp., 178 F. Supp. 2d 1, 4 (D. Mass. 2001) (quoting Wilson v. Republic Iron &

2

Steel Co., 257 U.S. 92, 97 (1921).  "A joinder is a sham and fraudulent if it is 'without any reasonable basis in fact and without any purpose to prosecute the cause in good faith against the [defendant].'"  Id. (quoting Wilson, 257 U.S. at 98).

"[I]t is generally recognized that, under the doctrine of fraudulent joinder, removal is not defeated by the joinder of a non-diverse defendant where there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted against the non-diverse defendant."  Universal Truck & Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 108 (1st Cir. 2014).

> In order to show that naming a non-diverse defendant is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, *or* that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court.

Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 207 (2d Cir. 2001); see also Mills, 178 F. Supp. 2d at 5 (employing the Whitaker standard); In re Fresenius Granuflo/Naturalyte Dialysate Prod. Liab. Litig., 76 F. Supp. 3d 321, 332 (D. Mass. 2015) (same).

"In assessing a claim of fraudulent joinder, the court is not bound by the allegations in the complaint and may consider affidavits and other materials that bear on the question of whether there is a reasonable basis for joinder of a defendant."  In re

<u>Fresenius Granuflo/Naturalyte Dialysate Prod. Liab. Litig.</u>, 76 F. Supp. 3d 321, 333 (D. Mass. 2015).

III. FACTS

The following facts are taken from the complaint unless otherwise stated.  Hack is the insured under two disability insurance policies issued by Axa.  Each of the policies provide greater benefits to the insured if the insured is deemed to have a "Total Disability" than if the insured has a "Residual Disability."  Hack filed claims for disability benefits under both policies.

DMSI handled Hack's claims on behalf of Axa as its claims administrator.  DMSI asked Hack to complete forms and provide evidence of his disability.  Hack provided additional information pursuant to various requests by DMSI.  Axa and DMSI approved Hack for partial disability benefits, concluding that he had a Residual Disability.

Hack disagreed, informing DMSI that he believed that he has a Total Disability as defined in the policies.  DMSI and Axa have maintained their determination that Hack has only a Residual Disability.  Hack alleges that DMSI did not investigate whether he has a Total Disability.

IV.  DISCUSSION

The Motion to Remand is being allowed because defendants have failed to meet their burden of presenting clear and convincing

4

evidence that there is no reasonable probability that the Massachusetts Supreme Judicial Court would find that Hack has stated a claim for negligence against DMSI.

"There are four elements to a negligence claim: (1) a legal duty owed to the plaintiff by the defendant; (2) a breach of that duty by the defendant; (3) causation; and (4) actual loss by the plaintiff." Delaney v. Reynolds, 63 Mass. App. Ct. 239, 241, 825 N.E.2d 554, 556 (2005) (citing Glidden v. Maglio, 430 Mass. 694, 696 (2000); Nelson v. Massachusetts Port Authy., 55 Mass. App. Ct. 433, 435 (2002)).

Therefore, "[t]o recover for negligence, a plaintiff must show the existence of an act or omission in violation of a ... duty owed to the plaintiff[s] by the defendant.   Whether a defendant owes a plaintiff a duty of reasonable care is a question of law that is decided by reference to existing social values and customs and appropriate social policy." Roe No. 1 v. Children's Hosp. Med. Ctr., 469 Mass. 710, 713-14 (2014) (citations and quotation marks omitted).   As the Supreme Judicial Court has stated:

> The concept of duty ... is not sacrosanct in itself, but is only an expression of the sum total of ... considerations of policy which lead the law to say that the plaintiff is entitled to protection.... No better general statement can be made than that the courts will find a duty where, in general, reasonable persons would recognize it and agree that it exists.

<u>Afarian v. Massachusetts Elec. Co.</u>, 449 Mass. 257, 261-62, 866 N.E.2d 901, 905 (2007).  (quoting <u>Jupin v. Kask</u>, 447 Mass. 141, 146-47 (2006)) (citations and quotation marks omitted).  "As a general rule, all persons have a duty to exercise reasonable care in their own conduct to avoid harming others where the risk of harm is foreseeable to the actor."  <u>Roe</u>, 469 Mass. at 714.

Defendants argue that DMSI, as an agent of Axa, had no legal duty to Hack under Massachusetts law.  <u>See</u> Opp. at 9.  They rely on two decisions of the Massachusetts Appeals Court for the proposition that "[t]here is no duty of care owed by an insurer's agent to an insured . . ."  <u>Id.</u> (citing <u>Private Lending & Purchasing, Inc. v. First American Title Ins. Co</u>, 54 Mass. App. Ct. 532, 539 (2002); <u>Kourouvacilis v. Travelers Ins. Co.</u>, 57 Mass. App. Ct. 1105, 781 N.E.2d 881 (2003)).

However, the cases on which defendants rely are not analogous. They do not address whether a claims administrator such as DMSI has a duty to an insured.  Instead, they concern the duties of "insurance agents" who sell insurance.  Accordingly, their rulings do not govern the instant case.

In addition, neither case supports the proposition that DMSI did not have a duty to Hack.  In <u>Private Lending</u>, the court determined that an insurer owed no duty to disclose information to the plaintiff and, therefore, was not negligent because of its, or its agent's, failure to do so.  <u>See</u> 54 Mass. App. Ct. at 539.  In

Kourouvacilis, the court concluded that the plaintiff's claim against his insurance agent for negligent advice failed as a matter of law because "[a]bsent special circumstances not present here, an insurance agent has no sweeping duty to advise the policyholder concerning the appropriate amounts of coverage." Id. at *2.

Defendants cite no case in which a Massachusetts court has held that a claims administrator does not have a duty to an insured. It appears that no Massachusetts court has decided that issue. At least one court has found that such lack of adverse authority is, alone, a sufficient basis for rejecting a claim of improper joinder. See Good Shepherd Assisted Living Corp. v. Great Am. Ins. Co. of New York, 2015 WL 2449161, at *2 (D. Neb. May 21, 2015) (rejecting fraudulent joinder argument and remanding case where plaintiff had brought novel claim not yet recognized or rejected by Nebraska courts). In addition, plaintiff has cited several decisions from other jurisdictions that have imposed a duty of care on claims administrators or third-party insurance adjusters to insureds. See Mem. at 11 (citing Riccatone v. Colo. Choice Health Plans, 315 P.3d 203, 207 (Colo. App. 2013); Heavilin v. Madison Nat. Life Ins. Co., 2012 WL 6507680, at *9 (N.D. Ind. Dec. 12, 2012); Met. Life Ins. Co. v. Bialik, 2001 WL 169600 (N.D. Tex. Jan. 16, 2001); Morvay v. Hanover Ins. Cos., 127 N.H. 723, 726-27 (1986)).

Massachusetts courts apply a fact-specific inquiry to determine whether a defendant owes a legal duty to a plaintiff. Where, as here, the courts of Massachusetts have not addressed whether a claims administrator has a duty to an insured and courts in other jurisdictions have found such a duty to exist, the court concludes that defendants have not presented clear and convincing evidence that there is no reasonable possibility that the Massachusetts Supreme Judicial Court would find that the complaint states a cause of action against DMSI on which relief can be granted. See Universal Truck, 76 F.3d at 108; Whitaker, 26 F.3d at 207.

As defendants have not met their burden concerning the negligence claim, the court need not consider the parties arguments concerning Hack's other claims against DMSI. Accordingly, the Motion to Remand is being allowed.

V.   ORDER

In view of the foregoing, it is hereby ORDERED that:

1.   Plaintiff's Motion to Remand (Docket No. 7) is ALLOWED.

2.   This case is REMANDED to the Middlesex Superior Court of the Commonwealth of Massachusetts.



UNITED STATES DISTRICT JUDGE

8